### JULIA STAYTON v. THE STATE.

#### No. 98. Decided April 15.

**1. Theft—Evidence—Statement Made Under Arrest.**—On a trial for theft, where it appeared that a search warrant had been issued, which not only authorized search of defendant's premises, but also her arrest in case any of the stolen property was found in her house, and a number of the articles being found in her trunk, as they were taken out by the officer she was asked by him where she obtained them, which she answered, stating that some she bought, the others had been made for her, and it was objected that the evidence was inadmissible because she was under arrest. *Held*, the objection was not maintainable, isasmuch as it was shown that she was not arrested until all the goods had been recovered, and subsequent to her statement.

**2. Same—Evidence as to Value of Stolen Property Immaterial, When.**—On a trial for theft of stolen goods, where there was no question as to the fact that the goods were of the value of over $20, *held*, it was not error for the court to refuse to delay the trial that the goods might be brought into court and exhibited to a witness in order to enable such witness to testify as to their value. Such evidence would have been immaterial.

**3. Witness—Evidence Tending to Disgrace.**—It is not error to refuse to permit a defendant to prove by a witness facts neither relevant nor impeaching, and which tended solely to disgrace the witness in the eyes of the jury, as that she, the witness, was a common prostitute.

Vol. XXXII. Crim.—3

4. **Remarks of the Court as to Evidence.**—During the progress of a trial, the remarks of the court as to the nature and weight of the evidence being adduced will not be ground for reversal where the character of the testimony and its materiality to the case is not shown, and it is not made to appear that probable injury was done defendant by the remarks complained of.

APPEAL from the District Court of Falls. Tried below before Hon. L. W. GOODRICH.

Appellant was indicted for the theft of lady's wearing apparel of value amounting in the aggregate to the sum of $111.15, and at her trial was convicted, her punishment being assessed at two years in the penitentiary.

A statement of the evidence is not required to further illustrate any of the matters decided by the opinion of the court.

No briefs for either party have come to the Reporter.

DAVIDSON, JUDGE.—Appellant was tried and convicted of the theft of property over the value of $20, and allotted a term in the penitentiary.

1. While searching defendant's premises, the officer opened her trunk, and finding some of the stolen goods concealed in it, read to her the search warrant authorizing the search, as well as her arrest in case the property was found in her possession. As each item of the clothing was taken from the trunk, he would ask her where she obtained it. She replied she had bought some of them, and some she had made by a party residing in Marlin. Objections were raised because she was under arrest at the time. She was not placed under arrest until all the goods were recovered, and subsequent to the conversation. The objections stated were not well taken.

2. Samuels stated, in reply to questions by defendant in reference to the value of the stolen goods, that he could not estimate their value unless he could inspect them. It was proposed by defendant to have the goods brought into court, and exhibited to the witness in the presence of the jury. The reason assigned for this request was, that it would enable the witness to testify as to their value. "The court announced that the trial would not be delayed for the production of the clothing, or for the witness to now examine them; and further, while it might be proper to have the articles in court for the purpose of identifying them, they could not, in this case, be inspected by the jury on the question of value." This evidence was not shown to be material to any issue in the case. It was not then, and is not now, contended that the property was of less value than $20, All the evidence in the case excludes such a theory. There is nothing to indicate that Samuels' testimony would have even tended to reduce the value to the point of suggesting a misdemeanor phase to this case.

3.  Defendant proposed to prove by Lena Townsend that she (the witness) had no legitimate occupation, was a common prostitute, and made her living in that way.  On exception by the State, this testimony was excluded.  Its relevancy is not apparent, and the bill of exceptions fails to state the object or purpose sought to be attained by its introduction. It could not be used solely for the purpose of disgracing the witness in the eyes of the jury.  It was not impeaching testimony.

4.  While Samuels was testifying as to the value of the different articles alleged to have been stolen, the court remarked, that " we are consuming much time on very indefinite proof, which makes no impression on the mind."  Objection was urged that the remark conveyed to the jury the court's opinion of the weight of the testimony.  The testimony is not stated, nor is it shown, or attempted to be shown, how it could have affected the case.  While the court is prohibited from discussing or commenting on the weight of the testimony, yet, in order to warrant a reversal under such circumstances, some probable injury should be made to appear.  Willson's Crim. Stats., secs. 2432, 2433; Rodriguez v. The State, 23 Texas Cr. App., 503.  The bill of exceptions is too indefinite and vague to require consideration.  Looking to the evidence in the case, the object to be attained in seeking to prove the value by Samuels is not apparent.  The State proved the value to be $100 or more; and while the evidence of Samuels tended to reduce the valuation, yet it did not tend to reduce it below $20.

5.  Having testified, that on the day before the theft, Ben Hazelwood told her she had as much right to the clothes as the owner, and that he would put them at a designated place so she could get them, defendant offered, further, to testify, that during the same conversation he informed her he had paid for them.  That Hazelwood did or did not pay for the clothes could not have affected the issue involved in this case, and was wholly immaterial.  Why this testimony was desired is not stated.  If defendant took the goods, it could not avail her that Hazelwood had paid for them, because she knew the clothes well, and knew them to be the property of Townsend.  If Hazelwood committed the theft without her concurrence in some way, she could not be convicted as a principal, whether he paid for them or not; and if he took the goods, and she received them afterwards, she could not be held to be the taker, as she was charged to be.

6.  Several charges were requested and refused.  Exceptions were reserved to such refusal, as well as to the general charge given.  We have examined them, and do not think error was committed.  The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.