### J. J. POLLOCK v. THE STATE.

*No. 10.   Decided April 15.*

1. **Affray.**—In order to constitute an affray, there must be fighting between two or more persons, and it must occur in a public place.   Penal Code, art. 313.

2. **Same — Mere Words do not Constitute an Affray — Self-Defense.**— Mere words are not fighting within the definition of an "affray;" and where one provokes another, by insulting words, to attack him in a public place, but offers no resistance to such attack, he does not become guilty of this offense; but if he is ready to fight, while the other gave the first blow, he would be guilty, even though he reluctantly entered into the combat, and can not justify on the ground of self-defense.

APPEAL from the County Court of Limestone.   Tried below before Hon. W. G. RUCKER, County Judge.

This appeal is from a judgment of conviction for an affray, under an information which charged appellant and one John Moody with fighting together in a public place.   There was a severance, and defendant, being

alone placed on trial before the court, without a jury, was convicted, and his punishment assessed at a fine of $1.

The facts are sufficiently stated in the opinion.

*Kennedy & Bradley*, for appellant.—1. The court erred in finding the defendant guilty of fighting together in a public place, when he was acting only in his own self-defense, having been assaulted by John Moody.

2. The court erred in holding as a matter of law, that the law deprived a man of the right to defend himself when assaulted in a public place. Penal Code, art. 490, subdiv. 6; Penal Code, art. 573; West v. The State, 2 Texas Cr. App., 476; 1 Whart. on Crim. Law, 3 ed., 456; 3 Black. Com., 3; Desty on Am. Crim. Law, sec. 31a; Bouv. Law Dic., Self-defense, div. 8; Webster's Dic., Self-defense; Higgins v. Minagham, 23 Am. St. Rep., 434; Gray v. Combs, 23 Am. Dec., 433; Paxton v. Boyer, 16 Am. Rep., 615.

The question here presented is one of first impression in this State, so far as we have been able to ascertain. That is, whether or not a man is guilty of violating article 313, Penal Code of Texas, while acting in his own self-defense. In case of Saddler v. The Republic, Dallam, 610, the court, there passing on a question whether one defendant could be guilty of an affray and his codefendant not guilty, say, "Saddler might well be convicted, although the men with whom he fought were acquitted." And the only intimation of an opinion on this question, in this case or elsewhere, so far as we have been able to find, is in the subsequent portion of this opinion; and that is only passing on the question whether one of the parties could be guilty and the other not guilty. That part of the opinion which says, "It is because the violence is committed in a public place, and to the terror of the people, that the crime is called an affray instead of an assault and battery," indicates that the same rule should apply in the trial of such cases as is applied in a case of assault and battery, and strengthens the view of this case taken by the defendant; that is, that a man has the right to defend himself, when unlawfully attacked, even though it be in a public place, and if he does not use unnecessary force in warding off such violence, he commits no offense.

It was not the intention of the framers of the Penal Code, article 313, to deprive a man of the right to defend himself when he is attacked, but only to prevent persons from congregating in public places, and creating disturbances, to the terror of the good people; and one who is following a lawful pursuit, as the defendant was in this instance, going home, and who, without fault on his part, is assailed by another, has the right to use the necessary force to repel the violence offered him. And if he does not use unnecessary force for this purpose, he is guilty of no offense. See the authorities cited above.

"A man may repel force by force in the defense of his person, habitation, or property, against one or many who manifestly intend and endeavor, by violence or surprise, to commit a known felony on either. In such a case he is not obliged to retreat, but may pursue his adversary till he finds himself out of danger; and if in a conflict between them he happeneth to kill, such killing is justifiable. The right of self-defense in cases of this kind is founded on the law of nature, and is not, nor can be, superseded by any law of society." Whart. Crim. Law, 456, quoted in West *v.* The State, 2 Texas Cr. App., 476.

Under the law, a man has the God-given right to defend himself from an unlawful attack, wherever he is assailed; and if a man is assailed in a public place, and it becomes necessary to slay his adversary in order to protect himself, he is guilty of no offense; or if in the necessary defense of one's person it becomes necessary to slay his adversary, and in an attempt to do so he accidentally slay one who happens to be standing by, he is still guilty of no offense, for the reason that it is no fault of the defendant that the person slain happened to be standing by. And for the same reason, if a man is assailed and repels the force without using unnecessary force therefor, he is guilty of no offense; and if it happens that they be in a public place, it is no fault of his that they are in such public place, and he is guilty of no offense.

If we give the Penal Code, article 313, the construction given it by the county judge in this case, we then have this anomaly in the law: A man is assailed in a public place, and in the necessary defense of his person it becomes necessary for him to slay his adversary and he does so, or in attempting to do so, he slays one who is standing by, he is guilty of no offense; but if he be assailed in such public place, but the violence used to him is not such as to justify him in slaying his adversary, he is not allowed to repel such force without violating the law. In other words, a man may kill his adversary, without violating the law, for a less provocation that he can ward off an assault, if it happen to be in a public place. This makes a man's right to defend himself depend wholly on the degree of force used by his adversary, which is not the law; but on the contrary, a man has the same right to repel slight unlawful violence offered to his person that he has to repel violence in a greater degree, limited only, that he use no more force than the necessary force to repel the violence so offered.

In England, at one time, there was what was called in this country the "tuck tail and run" theory—that is, that a man should, before he slay his adversary, "retreat to the wall;" but such has never been the law in Texas, unless the article under which this prosecution is had be construed as it was in the County Court in the trial of this case; and then it may truly be said, that if a man be assailed, and it happens to be in a public place, he shall not only "retreat to the wall," but to somewhere that is

not a public place, or else sneak down like a cowardly cur and take his assailant's indignities, lest he become a violator of the laws of his country.

If this construction be given the article in question, then a man may not, if attacked in a public street, repel the force, but shall stand there (because the law of homicide does not require him to retreat) until the provocation is sufficient to justify him in so doing, and then not merely repel the force of his adversary, lest he be guilty of fighting in a public place, but he shall slay his adversary, in order that he be guilty of no offense.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant and John Moody were charged by information with fighting together in a public place. A severance having been obtained, appellant was placed on trial, waived a jury, submitted his case to the court under a plea of not guilty, and was fined in the sum of $1. A motion for a new trial having been overruled, he excepted, and gave notice of appeal.

In substance, the evidence discloses a prior trouble between the parties, and on the occasion of the affray in question they were returning from a picnic and game of baseball. While on the public road, in a crowd, the trouble was renewed by Charles Moody. Defendant proposed to recall the insulting remark made to John Moody during their previous difficulty, provided Moody would do as much in relation to an insulting remark made by him to defendant. Defendant testified, in substance, that Charles Moody remarked, that "I had to fight, or take back what I had said. I told him I was willing to do so, if John Moody would recall his remarks. When I saw that he was not going to let me off without fighting, I got out of my gig. John then came to where we were, and asked me if I had called him a son-of-a-bitch. I informed him I had. He then struck me, and we fought. * * * I did not want to fight. When Charlie Moody came up to my buggy and said I had to fight, and there was no way for me to get away from them, I got out of my gig. Charlie and I talked pretty rough. John came, repeated our conversation, in which I had called him a son-of-a-bitch, and when I said I had called him a son-of-a-bitch he struck me, and I struck him." The fighting occurred in a public place, and in a crowd of people. The testimony of all the witnesses is substantially the same as that given by defendant.

The information was drawn under the provisions of article 313 of the Penal Code, which reads as follows: "If any two or more persons shall fight together in a public place, they shall be punished by fine not exceeding $100." In order to constitute this offense, there must be fighting between two or more persons, and it must occur in a public place.

Penal Code, art. 313; Saddler v. The Republic, Dall. Dig., 610; Habel v. The State, 28 Texas Cr. App., 588; 1 Bish. Crim. Law, sec. 535; 2 Bish. Crim. Law, secs. 1, 2, and notes. It is not essential to this offense that the difficulty should be by consent of the parties concerned. Same authorities. "Mere words are not a fighting, within the definition of 'affray;' and if one, by insulting language, provokes another to attack him in a public place, but offers no resistance to the attack when made, he does not become guilty of this offense. If he were himself ready to fight, while the other gave the first blow, it would be otherwise." 2 Bish. Crim. Law, sec. 2, and notes; The State v. Sumner, 5 Strob., 53; The State v. Perry, 5 Jones (N. C.), 9. Looking to the evidence, the defendant, though reluctantly, entered the combat with some zeal, was "rough" in his remarks, and vigorous in his efforts during the fight; and the fighting occurred in a public road. In this attitude of the case, it is immaterial who struck the first blow, for both are guilty of the affray. Self-defense was not an issue in the case, and defendant could not justify his action on the ground that he did not strike the first blow.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.