## CLIVE E. LYNNE, ALIAS J. C. WILSON, v. THE STATE.

### No. 3706. Decided April 29, 1908.

**1.—Theft—Evidence—Identity of Stolen Property—Circumstantial Evidence.**

Where upon trial for theft of certain money described in the indictment, the evidence showed that defendant shortly after the alleged offense was found in possession of certain articles of merchandise and of money of the same denomination as that which was stolen, and the merchandise was of like character as that missed by the alleged owner of the alleged stolen money; that the defendant was also found in possession of certain keys which fitted the door of the house from which the property was taken, the same was sufficient to sustain the conviction.

**2.—Same—Contemporaneous Transactions—Charge of Court.**

Upon trial for the theft of certain money, there was no error in admitting testimony of the possession by defendant of other articles claimed to have been stolen at the time of the theft of the alleged money, as a circumstance tending to connect him with such theft; the court in his charge properly limiting the testimony to the purpose for which it was introduced.

**3.—Same—Argument of Counsel.**

Where upon trial for theft the argument of the district attorney was not of such character as to require a reversal, there was no error.

Appeal from the District Court of Travis. Tried below before the Hon. Charles A. Wilcox.

Appeal from a conviction of theft of property over the value of $50; penalty, six years imprisonment in the penitentiary.

The opinion states the case.

O. *Dickens,* for appellant.

F. J. *McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was indicted in the District Court of Travis County for the theft of $109 in money, the property of one T. F. Blackwell, the indictment averring that of such money were two $10 bills, paper currency, and four $5 bills, paper currency money of the United States of America, and $69 lawful money of the United States of the value of $69, a better description of which the grand jury were unable to give. On trial appellant was found guilty as charged in the indictment, and his punishment assessed at confinement in the penitentiary for six years.

We think that the evidence, taken altogether, is not only sufficient to sustain the verdict of the jury, but such as substantially to compel the conviction of his guilt. Appellant was arrested soon after the money was missed, and found in possession of a number of articles of merchandise of a like character of those contained in the store belonging to Blackwell and which were missed by him, and while it may be said that the identification of them is not absolutely complete, they were of the same description of merchandise, the loss of which he showed. When first discovered appellant was coming out of the woods or bottom, and had in his possession a satchel with quite a variety of different articles including a pair of shoes, a shirt, some canned goods, and also about $120 in money, some of which was of the same denomination as that positively testified to by Blackwell. In addition to this he had in his possession certain keys, one or some of which fitted the door of the store occupied by Blackwell. There was no explanation of his possession of these articles, and taking the proof altogether, it leaves no doubt in our minds that appellant had stolen the money as averred in the indictment. There was in the case no production of this money, or any money on the trial, and no attempt to identify the particular money found in the possession of appellant when arrested; nor was there any special or specific description given by Blackwell of the money taken from his store, but the identity of such money rested in the fact that some of it was of the same denomination as that missed by Blackwell, and the connection of appellant with the offense and theft was further shown by his possession of sundry articles evidently taken from Blackwell's store. It would be, we think, practically impossible in many cases to identify money stolen, either by number of the bills or other evidence, as by direct testimony to positively identify such property. As stated in the case of Hooten v. State, 53 Texas Crim. Rep., 6; 108 S. W. Rep., 651: "The State may, on a trial for theft, trace, by positive or circumstantial evi-

dence, the property alleged to have been stolen, and whether the money received in evidence on the trial or shown to have been in possession of the person charged with the theft, was the identical money stolen from the prosecuting witness, is in most cases a question of fact for the jury."

2. Complaint is made that the court erred in permitting proof of the possession by appellant of other articles claimed to have been stolen. This testimony of the possession of these articles was admitted with a view of showing appellant's presence at the scene of the theft, and solely and only as a circumstance tending to connect him with such theft, and to show his participation therein. There was no error in admitting this testimony, particularly when considered in connection with the charge of the court limiting the purpose for which same was received. On the trial the court charged the jury as follows: "The defendant in this case is on trial only for the alleged theft of the money alleged and described in the indictment, and is not on trial for any other offense; and in this connection you are charged that certain evidence has been admitted in this case in regard to the finding in the possession of the defendant at the time of his arrest, of a pair of shoes, an undershirt and certain other personal property not described in the indictment; and you are instructed that you can consider this evidence, if you do so consider it, only for the purpose of assisting the jury, if it shall assist, in determining whether or not the defendant committed the offense as alleged and charged in the indictment." In addition to the charge above quoted, at the request of counsel for appellant the court gave the following special charge: "You are charged that there has been certain evidence introduced showing a safe had been blown open and a can of tomatoes and a pair of shoes and shirt taken out of a store of Mr. Blackwell's. You are charged that defendant is not being tried for blowing said safe or taking any shoes or shirt or can of tomatoes, and you cannot convict him for blowing the safe or taking said shirt or shoes or can of tomatoes even if you believed he took said named articles." At the request of counsel for appellant the court gave also the following special charge: "You are charged there has been certain evidence introduced about there being some old clothes found in the creek bottom after the alleged burglary. You are charged to disregard all of said testimony." These charges sufficiently limited the purpose for which the possession of the articles named was shown, and it is not possible, considering the case with reference to all these charges, that the jury could have considered these matters for any purpose except to show, and so far as it did show, the guilt of appellant in respect to the particular charge contained in the indictment against him.

3. There are a number of other questions raised in the motion for a new trial, but they are substantially embraced in the matter we have consdered. There was not, we think, such misconduct on the part of the district attorney in his argument to the jury as to require a reversal of the case.

Finding no error in the record, the judgment of the court below is affirmed.

*Affirmed.*

Brooks, Judge, absent.