## Victor Hollobaugh v. The State.

### No. 8145. Decided February 20, 1924.

**1.—Burglary—Remarks by Judge—Comment on the Weight of the Evidence.**

This court is not able to conclude that the judge's comment made under the circumstances should cause a reversal. Besides, it was clearly established that the corn spoken of by the judge was the same which was taken during the burglary and the remark could not cause defendant any injury.

**2.—Same—Declaration by Defendant—Practice on Appeal.**

Where the bill of exceptions showed that the answer of the witness to the questions objected to did not contain any statement by the defendant, the same presented no support to the objection that the accused was under arrest at the time, and there is no reversible error.

Appeal from the District Court of Potter. Tried below before the Honorable Henry S. Bishop.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*A. M. Mood,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Potter County of burglary, and his punishment fixed at two years in the penitentiary.

Mr. Scott with a partner were engaged in the dairy business and had purchased a large quantity of corn through Mr. Wrather from Mr. Hunter. Scott's barn was entered and a quantity of the corn in sacks removed, and a trail of corn and tracks led down to where an automobile had stood. At one place there were evidences that a sack of corn had come open and some of its contents which had escaped were scraped up. Shortly after the loss of the corn upon information received Mr. Scott obtained a search warrant and went with officers to appellant's barn and there found five full sacks and one partially filled, the contents being the corn belonging to Mr. Scott which had been taken from his barn, same being identified by Mr. Scott, his partner, Mr. Wrather and Mr. Hunter. One sack had in it clods and dirt similar to that at Scott's place. Their description of the corn appears so complete and convincing that but little, if any, doubt could remain as to its ideneity. It was mixed corn, about one-fourth being red and the remainder yellow and white.

While the State was making out its case in chief and before any evidence on behalf of appellant had been introduced, a question was asked State witness Scott by the district attorney which to the learned trial judge seemed to call for testimony believed by him inadmissible because the accused was under arrest. A colloquy arose in which the court stated that the evidence was inadmissible because "they had already found the corn." Appellant's counsel objected to the court saying they had found "his corn." The court replied, "Well, they found these five sacks of corn that he brought in." To

this counsel also objected and in reply of the court to this, reference was made to the corn as "his corn . . . these sacks of corn that they brought in." It was stated by the trial court that this was not a comment on the weight of the evidence and not intended to be. To this remark also an exception was taken as being a comment on the weight of the evidence. No charge was asked on behalf of appellant in reference to the matter. While we regard the remark of the court as referring to Mr. Scott's corn, still we are not able to conclude that it was such comment when made at the time and under the circumstances as should cause a reversal of this case. As stated above, appellant had introduced no evidence in support of any claim of ownership on his part, of the said corn.

We are also of opinion from the whole record that it appears to be so clearly established that the corn was the corn of Scott and taken in said burglary, that the remark made by the court, if open to appellant's objection, would not be sufficient to call for reversal. Rodriguez v. State, 23 Texas Crim. App., 503; Young v. State, 31 Texas Crim. Rep., 24; Newman v. State, 64 S. W. Rep., 259; Pilgrim v. State, 59 Texas Crim. Rep., 231; Renn v. State, 64 Texas Crim. Rep., 639; Williams v. State, 67 Texas Crim. Rep., 287, 148 S. W. Rep., 763; Wilson v. State, 70 Texas Crim. Rep., 627; Echols v. State, 75 Texas Crim. Rep., 369, 170 S. W. Rep., 786.

The only other bill was taken to a question to witness Scott as follows: "Where did you mean that you didn't see any red corn?" to which he replied, "Well, he was asked to show some red corn where he stated he shelled this corn in the old house." This seems to set out an answer of the witness to the question objected to which does not contain any statement of appellant and therefore presents no support to the objection made that the accused was under arrest at the time. We do not think this presents any error.

Appellant appearing to have had a fair trial, the judgment will be affirmed.

*Affirmed.*