## W. G. REYNOLDS V. THE STATE.

### No. 10368.   Delivered March 23, 1927.

**1.—Possessing Intoxicating Liquor—Search Warrant—Bill of Exception—Incomplete.**

Where appellant complains of the informality of the search warrant authorizing the search of his automobile, and his bill fails to set out the search warrant, we are not in a position to say whether or not such warrant complied with the provisions of the law.   Nor does the fact that the automobile was in the possession of the officers when the warrant was issued, affect its validity.

**2.—Same—Search and Seizure—"Probable Cause."**

Where officers had found appellant in a room in a hotel in possession of whiskey, had arrested and lodged him in jail, and had taken his automobile into their possession for safe keeping, these circumstances would constitute "probable cause" for searching said car without a search warrant.   See Odenthal v. State, 106 Tex. Crim. Rep. 1, 290 S. W. 743; Battle v. State, 290 S. W. 762, and Whitworth v. State, 290 S. W. 764.

**3.—Same—Declarations of Accused—While Under Arrest—Admissible as Res Gestae.**

Where appellant complained of the admission of a statement by himself made to the officer when arrested to the effect that he did not have an automobile, and the bill complaining of the matter does not show affirmatively that said statement was not a part of the res gestae, this court must presume that the statement was properly admitted.   See Edelen v. State, 281 S. W. 1078.

**4.—Same—Search and Seizure—Statute Construed.**

Our search and seizure statutes are to be construed rationally, and they were never intended to exclude evidence of officers who search prisoners upon their arrest, or who, upon reliable information that robberies, thefts and holdups have been committed, pursue the fleeing offenders, with the stolen property upon their person or in their car, nor was it ever intended that an officer arresting a desperate character must bring his prisoner to where he can get a search warrant before removing from such prisoner pistols, knives, etc.   See Jackson v. State, No. 10040, decided January 12, 1927, and other cases cited.

Appeal from the District Court of Potter County.   Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty two years in the penitentiary.

The opinion states the case.

*O. D. Thompson* of Amarillo, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of unlawfully

possessing for sale intoxicating liquor, and his punishment assessed at two years in the penitentiary.

The record discloses that the officers obtained a search warrant authorizing them to search room 41 in the Tourist hotel at Amarillo, occupied by the appellant and one Roy Anderson; and that the officers searched the room in the presence of appellant and Anderson and discovered four pints of alcohol, finding three pints about the beds in the room and one pint in the appellant's pocket. The appellant and Anderson were arrested and taken to jail, and one of the officers drove to the jail a Chevrolet automobile which was standing in front of the hotel and which had been used by the appellant for several days. A search of appellant's person was made at the jail, before he was placed in a cell, and papers were found describing the automobile in question and bearing the number thereof. The officers thereafter secured a search warrant and searched said automobile, finding therein twelve pints of alcohol and about forty empty pint bottles. The bottles found in the car corresponded in size and shape to those found in the room of the hotel and upon appellant's person at the time of his arrest. The deputy sheriff, Sloan, testified that he "suspicioned" there was whiskey in the car and procured a search warrant and searched it. The appellant stated to the officers that he didn't own any car and the papers found in his possession showed that the car was owned by his brother, who later came and took possession of it, but the evidence of the state showed that appellant was in the possession of and was operating and using said car up to the time of his arrest.

The record contains four bills of exception. In bill No. 4 complaint is made to the action of the court in permitting the state to introduce the search warrant used in searching the automobile in question because of the alleged informality of said warrant, and because notice was not served upon the appellant prior to said search, and because the car was in the possession of the peace officers prior to the issuance of the warrant. We are unable to agree with any of the contentions made in this bill. As to the alleged informality of the search warrant, the bill, as presented, is insufficient in that it fails to set out said search warrant so that we might be in a position to determine whether or not it met the requirements of the law. It is our opinion that it was not necessary, under the facts disclosed by this bill, to serve notice on the appellant, who was then in jail, that the officers had a search warrant and desired to search said automobile, which was not then in the actual possession of the appellant. Regarding the third ground of objection, we are of the

opinion that no error is shown by the fact that the officers seized the car prior to the issuance of the search warrant and search thereof, or by the fact that after appellant's arrest one of the officers drove the car to the jail. Regardless of the Search and Seizure Law, we are of the opinion that the officer, under such circumstances, would not be violating the law in driving the car to the jail, where it could be looked after properly and the property interests therein of the prisoner protected. We are further of the opinion that under the peculiar facts of this case the officers were authorized to search said automobile without a search warrant, under the doctrine of "probable cause" as announced by this court in the cases of Odenthal v. State, 290 S. W. 743; Battle v. State, 290 S. W. 762; Whitworth v. State, 290 S. W. 764.

In bill of exception No. 6 complaint is made to the action of the court in permitting the state to prove by the officer, Sloan, that when he arrested appellant the latter stated that he didn't have any automobile. The appellant contends that this testimony was inadmissible because he was under arrest at said time. This bill, as presented, shows no error in that it fails to show affirmatively that said statement was not a part of the res gestae, and in the absence of such a showing this court must presume that the trial court ruled correctly. Edelen v. State, 281 S. W. 1078.

In bill No. 7 complaint is made to the action of the court in permitting the state to prove by the officer, Ramsey, that he and other officers searched the appellant, after taking him to jail and before placing him in a cell, and found upon his person registration papers relative to the Chevrolet automobile, it being appellant's contention that the officers were without lawful authority to search his person while he was under arrest without first obtaining a search warrant therefor. There is no merit in this contention. This course, speaking through Judge Lattimore in the case of Jackson v. State, No. 10040, decided January 12, 1927, yet unreported, held against appellant on this issue and stated that it was not the purpose of the legislature, in passing the Search and Seizure Law, to have such literal effect given to its provisions as "Would compel the courts to reject evidence of officers who searched prisoners upon arrest, or who upon reliable information that robberies, thefts and holdups had been committed, pursued the fleeing offender and caught him in his flight with the stolen property upon his person or in the car. * * * Nor can we think it was ever intended by the legislature that an officer arresting a desperate character under a warrant must

bring his prisoner to where he can get a search warrant before removing from the person of such prisoner pistols, knives, or other weapons," etc.

Also see Agnello v. U. S., 269 U. S. 20, 216 Sup. Ct. Rep. 4, 70 L. Ed. 145, and authorities there cited, and Jones v. State, 214 S. W. 322.

In bill No. 8 complaint is made to the action of the court in permitting the witness Sloan to testify concerning the search of the automobile in question, it being urged that the car was illegally seized by reason of the fact that the officer drove it from the hotel to the jail, which of itself was a seizure and search of said car prior to the issuance of the search warrant and search thereunder, and for the further reason that the search warrant was not served on appellant. What we have said in discussing bills 4 and 7 is applicable to the questions raised in this bill.

Finding no reversible error in the record, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.