GEORGE BEVINS v. THE STATE.

No. 11569.   Delivered May 23, 1928.

Rehearing denied June 20, 1928.

*Moore & Wilson* of Amarillo for appellant.

*A. A. Dawson* of Canton, State's Attorney for the State.

LATTIMORE, JUDGE.—Conviction for theft; punishment, two years in the penitentiary.

One Hanson testified that on the night of June 29th he went at 3:30 a. m. to his room on the third floor of the Ross hotel in Amarillo, Texas, and as he started down the hall toward said room he saw appellant jump into the second door from witness' room. Witness retired. Next morning he found that some eighty dollars had been stolen from his pocketbook. He at once reported the matter to the police, describing appellant and his movements of the night before, and telling the officers to hurry over, the man was likely to escape. They went at once. Appellant that morning had checked out at the hotel, and paid his bill amounting to some seven dollars. When the officers got to the hotel and went to appellant's room, they said he had his grip ready to leave the room. They arrested him, searched him and found a fifty dollar bill in his left sock between the foot and the sock. They also got $22.10 additional from his person. Mr. Hanson identified the fifty dollar bill as being money taken from him on the night before, and said the other money resembled that which he lost. Appellant did not take the stand, and introduced no testimony.

There are six bills of exception. Two of same raise the admissibility of testimony of the officers as to what they found upon their search of appellant, the objection being that no search warrant was had by the officers. This question is not new or novel, and we are called upon to pass on it in substance in many cases. Our

C. C. P., Art. 215, authorizes pursuit and arrest of persons suspected of felonies by officers to whom a satisfactory showing has been made by a credible person that a felony has been committed and the offender is about to escape and that there is not time to procure a warrant for arrest. We are of opinion that such showing was made in this case and, it being well settled that one so arrested may be legally searched and the facts thus ascertained given in evidence upon his trial, we hold it not error to admit the testimony. Agnello v. United States, 269 U. S. 20; Moore v. State, 294 S. W. Rep. 552; and authorities cited; Hodge v. State, 107 Texas Crim. Rep. 579; Reynolds v. State, 106 Texas Crim. Rep. 391.

Objection·on the ground that same was hearsay, to testimony of the officers that before they arrested appellant the alleged stolen money had been described to them, was properly overruled. The witness did not state what description had been given, nor who gave it. We find no element of hearsay in this. Harris v. State, 1 Texas Crim. App. 74; Estes v. State, 23 Texas Crim. App. 600.

Complaint is made that the trial court in the presence of the jury, in reply to certain objections made by appellant, said, in substance, that he thought the testimony of officer DeWitt showed that a report of a felony had been made to him by Hanson, and that he was authorized to pursue and arrest appellant if he could before he escaped, and if he did, then incidentally he had the right to search him and take him before a magistrate. In the record we find not the slightest dispute of the fact that Mr. Hanson did report to officer DeWitt that a felony had been committed, nor of the fact that appellant had checked out at the hotel and was about to leave when the officers came immediately to same and arrested him; nor of the fact that Mr. Hanson was a credible person. We are of opinion that there was no fact issue regarding this matter demanding submission to the jury, and that the submitting of same to the jury was an error on the part of the court but one favorable to the accused. In our opinion the statement of the court was not a harmful comment and but an announcement of what should have been his ruling upon the objections made to this matter, and hence same was not in violation of Art. 707 C. C. P., which forbids discussion or comment on the weight of evidence by the court in ruling on the admissibility of same. The matter to which the remark related in no way bore on the guilt of the accused, but only on the admissibility vel non of evidence, and would seem of no possible injury in any event. Rodriguez v. State, 23 Texas Crim. App. 503; Stayton v. State,

32 Texas Crim. Rep. 33; Smith v. State, 81 Texas Crim. Rep. 368; Patterson v. State, 89 Texas Crim. Rep. 402; Hollobaugh v. State, 96 Texas Crim. Rep. 548.

We fail to see any possibility of injury arising from the fact that one of the officers who arrested appellant said that they searched him to see if he had any concealed weapons. No testimony was given of the fact that any such weapon was found. Officers legitimately arresting a person for a crime have the right to see that he has no concealed weapons. Reynolds v. State, supra. The statement of the fact of such search was but a detail in relating what was done and could have had no possible evil influence upon this case.

If the witness Hanson could say, from having seen people moving about at 3:30 a. m., that it was not customary for them to jump,—as did appellant when Hanson saw him,—we can see no serious objection to his so stating. To make pertinent an objection to such testimony, there should be some fact stated in the bill showing the surroundings or the setting or what led up to the question. It could be readily conceived that if said witness had been vigorously cross-examined regarding his claim that the way and manner of appellant jumping into the door aroused his attention, and was one of the causes which led him to report the matter to the officers, the State might well go into the matter referred to. Appellant's attorneys have on file an able brief citing many authorities, but none are believed by us to conflict with our views above expressed. Mr. Hanson positively identified the money taken from appellant as his, and the movements of appellant were not free from suspicion.

Believing the jury justified in their conclusion of guilt, and that no error appears in the record, the judgment will be affirmed.

*Overruled.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Conceding that Hanson told the officers to hurry to the hotel that appellant was likely to escape it is appellant's contention that if it was only Hanson's conclusion as to the likelihood of an escape unsupported by the real facts it would give the officers no right to arrest without warrant under Art. 215 C. C. P. We think this position not sound. The legality of the officer's act under the circumstances must depend upon the information upon which he acts, and not upon the facts which might later develop. Suppose in the present case that from everything prosecuting wit-

ness told the officers they had reason to believe a felony had been committed but entertained some doubt as to whether appellant intended to leave. When they went to the hotel, as it was their duty, to investigate the charge, they found that appellant had paid his hotel bill, packed his grip and was in the act of departing. Such information obtained by them as to appellant's contemplated departure was available to supplement the information already imparted by Hanson.

Appellant urges at length the proposition that the money found in his possession was not sufficiently identified as the money lost by Hanson and points out that while in his direct testimony said witness did identify the fifty dollar bill, yet in his cross-examination it appears such identification is based only on the fact that he had a bill of that denomination which he knew was issued by a Fort Worth bank, and admitted that there were no distinguishing marks on this particular bill to which he could refer as differentiating it from any other fifty dollar bill issued by the same bank. The identity of money or other property is usually a question for the jury and in many instances circumstances must be looked to as well as the direct evidence on the issue. All the circumstances must be taken together. It is not necessary that any one circumstance establish the guilt of accused or the identity of the property, but do all the circumstances together with the direct evidence do so? Parish v. State, 85 Tex. Cr. R. 75, 209 S. W. 678. The circumstances of appellant being in the hotel corridor at three-thirty in the morning and his conduct when seen there aroused the suspicion of Hanson. Some hours later upon discovering the loss of his money the action of appellant is recalled. It is found that appellant had paid his hotel bill and is ready to leave; concealed in his sock under the bottom of his foot is a fifty dollar bill corresponding in all respects with the one lost by prosecuting witness; the amount of money found in appellant's possession together with the amount paid by him on his hotel bill corresponded in amount very closely with that taken from Hanson. It is not impossible of course that another party in the hotel might be lawfully in possession of a fifty dollar bill issued by the same bank as the one lost by Hanson, but it is, to say the least, unusual to find one of like kind secreted in the sock of the very party seen under suspicious circumstances near the room occupied by Hanson. The circumstance is not without cogency looking to the identity of the money as that taken from Hanson. Considering the entire record we think this court would be unauthorized to hold

that the jury was without warrant in finding that the money found in appellant's possession was that which had been taken from the prosecuting witness. For a discussion of the principle of law involved see Lynne v. State, 53 Tex. Cr. R. 375, 111 S. W. 729; Hooton v. State, 53 Tex. Cr. R. 6, 108 S. W. 651; Fetters v. State, 1 S. W. (2d) 312.

The motion for rehearing is overruled.

*Overruled.*