**·David R. BINYON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45845.**

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

Jerry Johnson, San Angelo, for appellant.

Royal Hart, Dist. Atty., and Aaron Goldberg, Asst. Dist. Atty., San Angelo, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from an order revoking probation.

Appellant entered a plea of guilty before the court to the offense of possession of narcotic paraphernalia on August 10, 1970. Punishment was assessed at four years, but the imposition of sentence was suspended and appellant was placed on probation.

Among the conditions of probation was the requirement that appellant "(a) commit no offense against the laws of this State or of any other State or of the United States."

On December 14, 1971, the State filed a motion to revoke probation alleging that

584

the appellant, on December 14, 1971, had violated Section (a) by committing an assault with intent to murder in and upon Jimmy Leon Fulcher. On February 15, 1972, the State filed its first amended motion to revoke alleging that appellant had violated Section (a) "in that the said David R. Binyon did fight with one Jimmy Leon Fulcher, on the 14th day of December, 1971, in a public place, to-wit: Chuck's Lounge, located in the city of San Angelo, Tom Green County, Texas."

On March 1, 1972, the court, after a hearing, entered judgment revoking probation which recited the basis for such revocation to be the fight with Fulcher, the court making a finding in its judgment which tracked the allegation in the amended motion to revoke.

Appellant contends that the court abused its discretion in revoking his probation for the following reasons: "That the fight which was the subject of the revocation proceeding was not in the presence of other people as contemplated by Article 473, V.A.P.C." . . . . "the evidence did not show that a fight occurred in a public place" and "that if there was a fight, appellant was exercising his right of self defense or the defense of another."

Jimmy Leon Fulcher testified that after he had a brief conversation with appellant, about 11:30 P. M., on December 14, 1971, at Chuck's Lounge, appellant and his father "come running at me" outside of the lounge. The events which ensued as related by Fulcher were that he hit appellant's father and got on top of him and appellant jumped on top of him (Fulcher); that while appellant's father was trying to "pull my eyes out," appellant "was on my back hitting me," and that after they got up, appellant "come running at me." In response to the question "Did he (appellant) cut you in any manner when he came after you the second time?" Fulcher answered, "Yes, sir. I think he grabbed hold of me, but I managed to get away, and he kept coming." Fulcher further testified that he looked down and saw his intestines hanging out, but that he did not see a knife in appellant's hand. Dr. Alfred G. Dietrich testified he treated Fulcher in the emergency room of a hospital on the night in question and that Fulcher "had several knife or lacerated wounds of his body, in the abdomen with a small part of the bowel protruding from the right side of his abdomen," lacerations on the chest and what appeared to be a human bite on the left chest wall.

A waitress employed at Chuck's Lounge testified that the lounge was open to the public, and on the occasion in question, she saw appellant and Fulcher scuffling on the parking lot of the lounge. Two officers testified that Chuck's Lounge was a public place where people went to drink beer, shoot pool and dance.

Appellant did not take the stand in his behalf and only offered the testimony of his mother relative to a job opportunity for appellant in Fort Worth in the event his probation was not revoked.

Article 473, Vernon's Ann.P.C., provides: "If any two or more persons shall fight together in a public place they shall be fined not exceeding one hundred dollars." Article 475, V.A.P.C., defines public place as used in Article 473, V.A.P.C., to be "any public road, street or alley of a town or city, or any store or work shop or any place at which people are assembled *or to which people commonly resort for purposes of business, amusement or other lawful purpose.*" (emphasis added)

Appellant relies on Piper v. State, 51 S.W. 1118 (Tex.Cr.App.1899) and Pollock v. State, 32 Tex.Cr.R. 29, 22 S.W. 19 (1893) for the proposition that a fight outside of the presence of other people is not a violation of the law. While the Pollock and Piper cases note that other persons were present at the fight, we do not understand the opinions in those cases to require such a showing in order to sustain the convictions, nor do we find that Article 473, V.A.P.C., and Article 475, V.A.P.C.,

require the presence of persons other than the participants in order to constitute an affray. We find the evidence sufficient to show that the fight occurred at a public place as that term is defined in Article 475, V.A.P.C.

■ We reject appellant's contention that the court abused its discretion in revoking his probation for the reason that appellant was exercising his right of self defense or defense of another. Appellant relies on Coyle v. State, 72 S.W. 847 (Tex.Cr.App.1903), where it was held error for the court to refuse to instruct the jury on the law of self defense in an affray case, where evidence was introduced showing that prosecuting witness advanced on defendant who picked up a stick in self defense. The only testimony concerning the fight, in the instant case, comes from the witness Fulcher who testified that appellant and his father advanced on him. Clearly, the court was not in error in rejecting appellant's claim of self defense.

■ Finding the trial court did not abuse its discretion in revoking appellant's probation, the judgment is affirmed.

Opinion approved by the Court.