## GUY HAUGHTON v. THE STATE.

No. 8575. Delivered Jan. 14, 1925.

No motion for rehearing filed.

**Burglary—Evidence—Hearsay Inadmissible.**

Witnesses were permitted to testify that a negro porter, who worked at the depot that was burglarized identified appellant as one of the burglars, when he was brought before him. The negro porter was not present at the trial, having died prior thereto. We known of no exception to the rule of law excluding hearsay testimony that would admit evidence of this character.

Appeal from the District Court of Wilbarger County. Tried below before the Honorable J. V. Leak, Judge.

Appeal from a conviction of burglary, penalty, three years in the penitentiary.

No brief filed by appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is burglary; punishment fixed at confinement in the penitentiary for a period of three years.

A safe in the office of the depot was blown open at night-time. Several persons were sleeping in the waiting-room adjoining. An explosion aroused them and the electric lights flamed momentarily. Three men took part in the transaction. One of them presented a pistol in the waiting-room and commanded the inmates to remain quiet.

Upon circumstances alone reliance is had to identify the appellant as one of the offenders. One of the persons at the depot at the time of the transaction was a colored porter. Appellant, while under arrest, was taken to the depot at night time by the officers having him in charge and the electric lights were flashed on in the presence of the porter mentioned. By reason of his death the porter was not present at the trial. The officers who had the appellant in charge at the time of the experiment mentioned were permitted to testify that at the

time of the experiment the porter identified the appellant as one of the persons present when the robbery of the safe was attempted. ˙ The receipt of this testimony was opposed by the appellant upon the ground that it was hearsay. We are aware of no exception to the rule of law excluding hearsay testimony under which the evidence in question could have been properly received. Fortune v. State, 259 S. W. Rep., 573. It was quite material and should have been excluded.

The judgment is reversed and the cause remanded.