## JOE HAMMOND V. THE STATE.

No. 15906. Delivered May 10, 1933.
Reported in 60 S. W. (2d) 235.

The opinion states the case.

*Hamilton, Fitzgerald & Grundy,* of Memphis, Texas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for two years.

The accomplice witness R. L. Harrell testified that he, appellant, and Clifford Moses burglarized a house belonging to C. R. Badgett, and took therefrom certain corporeal personal property. This property was recovered by the officers, being found on the premises of the accomplice's father. It does not appear that appellant lived on these premises. The state relied largely upon the fact that appellant was seen with the accomplice and Moses in a cafe in the vicinity of the burglarized premises on the night of the burglary. The accomplice witness testified that he was with appellant at this cafe shortly prior to the time the house was burglarized. State's witness Vanwinkle testified that he saw appellant with the accomplice witness and Moses in his cafe on the night of the burglary. He declared that this was the only time he had seen appellant and his companions. He said, however, that he would positively identify the parties. After the witness had given this testimony, the state called the sheriff, who testified that on the afternoon following the burglary the witness Vanwinkle came to the examining trial and pointed out the accomplice, appellant, and Moses as the three boys who were in his cafe shortly before the burglary. This proof was made over appellant's proper objection. The matter presents reversible error. The fact that appellant was present with the accomplice and Moses before the burglary was relied upon by the state as one of the corroborative circumstances. The hearsay testimony in question could have had no other effect than to bolster up the testimony of the witness Vanwinkle. See Haughton v. State, 267 S. W., 715; Fortune v. State, 259 S. W., 573.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.