# THERESA GOULD LUFKIN v. THE STATE.

No. 22184.  Delivered June 17, 1942.
Rehearing Denied October 14, 1942.

502

The opinion states the case.

*Polk Hornaday*, of Harlingen, and *H. L. Yates* and *E. T. Yates*, both of Brownwood, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was given two years in the penitentiary on a charge of possessing marihuana.

Appellant is a woman whose husband was a railway trainman running from Brownsville to Kingsville. At the latter place it appears he came in contact with a man known as George Ruse who admittedly was engaged in the business of handling narcotics and with a criminal record. This party testified as a witness in the case, having been brought to the court from the penitentiary where he was serving a sentence for the same offense. He first met appellant on June 6, 1941. He previously talked with her husband and secured from him $100.00 in money at Kingsville. Coming to Brownsville he went to her place of business known as the Grill. After meeting other parties, who were witnesses in the case, he met appellant and spent the night in her apartment on the second story of the building where the business was located. About 10:30 the next morning they got up and made arrangements to go across the river into Mexico for the purpose of getting marihuana. He identified the sacks and contents introduced in evidence as being that which he and appellant had obtained and brought across the river and for which he paid the sum of fifty-two dollars. He took it from the car, placed it in a suitcase and stored it in a steel locker at the depot. Later he and appellant went to the depot together. He had the key to the locker and just before time for the train to arrive he went inside to get the suitcase containing the drug, but, upon discovering the officers, he left the room and threw away the key to the locker. He details the trip into Mexico, the purchase of the drug, its secretion in the car that was driven by appellant and involves her in the entire transaction. The suitcase in which the drug

was found belonged to appellant. She was not shown to be present when the case was taken from the locker, but was on the train prepared to leave. Other witnesses who testified in the case tell practically the same story and we are unable to find any material conflict among them as to what was said and done. Even so, they all involve appellant and any conflict which might appear in the testimony was a matter for the jury to consider and there was nothing which would, as a matter of law, affect the case.

The appeal is presented on twelve bills of exception which we have carefully examined and have attempted to follow the discussion of the law involved from appellant's brief as nearly as may be done. The principal complaint found in the several bills is that the contents of the sacks are not identified and not shown to be marihuana. On this point we think the evidence is over-whelmingly against such contention. Bill of Exception No. Four, as well as some of the others, complain of the admission in evidence of the statement of Ruse that he had met appellant's husband and secured $100.00 from him at Kingsville. This appears to have been in the form of a loan and there is no further evidence than such fact. In this condition we see no harm which could come to appellant by reason of the evidence as to things which took place in her absence.

Bill of Exception No. Five complains of the admission in evidence of the two packages of marihuana on the ground that the only testimony connecting appellant with the prohibited drug was that of accomplice witnesses. Section 24a of Art. 725b of the Penal Code provides that a conviction may be had for the possession of narcotic drugs upon the uncorroborated testimony of an accomplice. In view of this provision the bill cannot be sustained.

Bill of Exception No. Eight complains of the testimony of one of the officers to the effect that he and the sheriff were at the depot waiting for defendant and George Ruse, "because of information we had received." The officer did not say what that information was and we think it permissible for him to make the statement found in the bill.

Bill of Exception No. Ten complains that, "The District Attorney made numerous side-bar remarks to the jury." It then sets out a number of discussions which appear to us to

have been based upon the evidence given by several different witnesses and upon the fact of the contents of the packages of marihuana which were introduced in evidence. We do not view these as side-bar remarks. The bill, however, is in such a confused condition that we are unable to give the consideration to it which the attorney probably had in mind. It is duplicitious and does not specifically point out the errors which the bill recites.

We note the attorney's brief lists a great many assignments of error and propositions of law and we have examined these because of the nature of the case wherein a woman was convicted solely upon uncorroborated testimony of accomplices. It is probably the view of a cautious jury that such testimony should be carefully examined. Such responsibility, however, rests solely with the jury. Ours is to examine the record to determine whether or not there are irregularities in the trial of the case which would require a reversal. Some of the propositions of law are perfectly sound but are of little assistance to us in this case. We are not concerned with assignments of error and propositions of law. In this case, as is frequently true with briefs prepared in such manner, they go far away from the bills of exception which must, in fact, direct our consideration of a case.

Finding no error in the trial of the case and concluding that the evidence is amply sufficient to justify the verdict which the jury returned, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant's motion herein is mainly concerned with two propositions. The first is that proof of the receiving of the $100.00 from appellant's husband by one Ruse, an acknowledged violator of the narcotic law, would and did have its effect upon the jury to appellant's injury in that it would show that not only she, but her husband also, was an associate of evil-minded and criminally inclined persons, and the admission thereof was therefore seriously injurious to her in her defense.

There might have been some weight to such an objection, and theory developed thereunder, were it not for the fact that not only the husband, but the appellant herself, is shown by the

testimony to have been thereafter closely associated with this narcotic peddler. The appellant drove the car across the border in company with this peddler, so the facts show; she was present when the two sacks were placed in such car, when these sacks were placed behind the back seat of the car, when such car was brought back across the bridge into Texas, and when same was brought to the place where appellant had been staying; and it is also worthy of note that at the time when these sacks of marihuana were taken into possession by the sheriff, appellant and this narcotic peddler were together at the railroad station, and the drug was found contained in a Gladstone bag belonging to appellant, such bag being located in a locker which had been rented by the narcotic peddler.

We are of the opinion that very little, if any, additional odium could have been placed upon appellant by showing that Ruse, the narcotic peddler, had some business or financial connection or dealings with appellant's husband.

Appellant's second contention herein relates to certain complained of side bar remarks of the district attorney as set forth in bill of exception No. X. This bill is multifarious and relates to some eight or ten separate and distinct transactions, none of which, however, seem to us to show any matter of serious importance, and were properly treated in our original opinion.

We think the testimony sufficiently evidences appellant's guilty connection with these sacks of marihuana, and under the statute no corroboration of the accomplice is necessary to a conviction.

The motion will be overruled.