EX PARTE EDGAR THOMPSON *alias* RICHARD PRESSLEY

No. 32,810.   October 18, 1961
Motion for Rehearing Overruled December 6, 1961

*Slagle, Hughes & Kennedy,* by *Charles E. Hughes,* Sherman, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Georgia.

The executive warrant issued by the Governor of Texas directing the arrest of Edgar Thompson and his delivery to the agent of the State of Georgia for return to that state was introduced in evidence.

Being regular on its face, the warrant made out a prima facie case authorizing the remand of appellant to custody for extradition. Ex parte Emmons, 167 Tex. Cr. R. 544, 322 S.W. 2d 534, and Ex parte Green, 170 Tex. Cr. R. 311, 340 S.W. 2d 821.

Appellant predicates his appeal upon two contentions.

He first contends that the court erred in overruling his motion for continuance and in denying his petition for discharge because duplicates of the instruments accompanying the Governor's requisition had not been delivered to appellant or to his attorney, as provided by Sec. 3 of Art. 1008a, V.A.C.C.P.

The record reflects that two sets of the extradition papers were delivered to appellant's attorney, which consisted of photostatic copies of the executive demand and certain instruments accompanying the same. One set was delivered to the attorney eight days prior to the date of hearing and the other set delivered four days prior to the hearing date. The latter set of instruments was certified by Zollie Steakley, Secretary of State of the State of Texas, as true and correct copies of the original requisition papers on file in the office of the Secretary of State from the Governor of the State of Georgia to the Governor of the State of Texas in the case of Edgar Thompson "who stands charged with the crime of robbery by force; robbery; escape * * *."

By legislative enactment in the passage of Arts. 3731b and 3731c, Vernon's Ann. Civ. St., the legislature of this state has provided for the admission in evidence of photographic or photostatic copies of the originals of business and official records.

We hold that furnishing appellant's counsel with photostatic copies of the instruments, duly certified by the Secretary of State, as true and correct copies of the originals, was substantial compliance with the provisions of Sec. 3 of Art. 1008a, supra, which provides that such copies shall be in duplicate and one complete set of such instruments be delivered to the defendant or to his attorney.

While there were some discrepancies between the two sets of instruments furnished appellant, such as the absence of an official seal and an official's signature on two of the instruments of the first set, the same was cured when appellant was later furnished with a complete set properly certified by the Secretary of State.

It is next contended that the court erred in refusing to discharge appellant because he was never properly identified as the accused.

In his amended application for writ of habeas corpus, which he signed and swore to under the name of Richard Pressley, appellant alleged —among other grounds— "Further, your petitioner is not properly identified as the fugitive in question."

It is the rule in this state that the initial burden of proof is on the demanding state to show the identity of relator with accused where such identity is put in issue, and although identity must be clearly established, the burden of going forward with the evidence shifts to the relator where a prima facie case of identity is made out, as by presumption arising from identity of name, that alone being sufficient, in absence of issue being raised, to require relator to go forward with proof to the contrary. Ex parte Kaufman, 167 Tex. Cr. R. 555, 323 S.W. 2d 48.

At the hearing, Deputy Sheriff Seaburn Haerrel, upon being called as a witness, testified that he knew a man alleged to be Edgar Thompson who had been going under the name of Richard Pressley, and positively identified appellant as such person. He further identified the appellant as the man arrested under the governor's warrant and as the man whose name was Edgar Thompson alias Richard Pressley. The deputy sheriff's testimony as to the name by which appellant was known was not hearsay and inadmissible as such. 18 Tex. Jur.; par. 69, page 138; 24 Tex. Jur. 2d, par. 564, page 77.

Appellant did not testify or offer any proof that he was not Edgar Thompson, the person named in the executive warrant.

Under the record and evidence presented, appellant was sufficiently identified as the person sought to be extradited.

The judgment is affirmed.