Raymond Bernard JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 36699.

Court of Criminal Appeals of Texas.

April 1, 1964.

Rehearing Denied May 6, 1964.

Second Motion for Rehearing Denied June 10, 1964.

Maurice Amidei, Fort Worth (Court-appointed for appeal only), for appellant.

Doug Crouch, Dist. Atty., Albert F. Fick, Jr., and R. J. Adcock, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is robbery; the punishment, 15 years.

The indictment was in two counts, the first alleging robbery with firearms and the second robbery.

The original indictment is before us. A printed form for indictment for robbery with firearms was used for the first count.

 The appellant seeks to treat the portion of the second count of the indictment and the constitutionally required conclusion, "against the peace and dignity of the state," as not being a part of the indictment because it is upon a separate sheet attached by tape to the remainder of the indictment.

No authority is cited to sustain such contention.

The trial court found no merit in appellant's contention in this regard and neither do we.

The evidence reflects that about 9:30 the night of January 4, 1963, appellant and a companion, Cecil Dean Hart, after being served in the dining room of Holiday Inn Motel, located in Fort Worth, Texas, walked to the cashier, Mrs. Donna Harless, and presented their ticket as though they were going to pay their bill. Instead of giving her any money, Hart pointed a gun toward Mrs. Harless. While Hart unsuccessfully attempted to get the dining room cash register open, appellant proceeded into the lobby where he approached Miss Dean Morris, the desk clerk, and at gun point told her to step back and be quiet and not to touch the telephone or she would get hurt. Appellant, who unsuccessfully attempted to open the registration desk cash register, removed $270.00 to $280.00 therefrom after Miss Morris opened the drawer upon his demand.

The police, upon their arrival at the Holiday Inn, were given a description as to the color and make of the get away car and of its occupants, by Will Sharien, a porter who had watched the departure from a window.

R. F. Canfield, a patrolman for the Texas Department of Public Safety, having received a report of the robbery and a description of the get away car and its occupants, observed such a car and followed and stopped it.

The driver, who proved to be Cecil Dean Hart, got out and came to the patrol car. He had an empty holster inside his trousers and a loaded snubnose pistol in his pocket.

The second occupant of the stopped car drove it away.

Other officers who received information by radio attempted to stop the vehicle. They pursued it for some 40 miles, at speeds up to 100 miles per hour. The chase ended with officers finding it wrecked near Jacksboro. There was blood on the steering wheel and front seat, and a .32 caliber H & R Pistol on the front seat. The driver was not located that night.

The appellant was apprehended the following morning some 10 or 12 miles from the wrecked car, after a foot race across a pasture. A .38 caliber hammerless Smith and Wesson Pistol was found in the pocket of the top coat he was wearing. Except for its serial number this pistol matched the pistol taken from Cecil Dean Hart. When apprehended, the appellant had injuries on his face which he told the officers he received in a car wreck.

Both Hart and the appellant were identified by Donna Harless in a police line up, and the appellant was identified by said Donna Harless and other witnesses as one of the two men who came to the Holiday Inn wearing top coats and committed the acts stated.

Dean Morris, named in the indictment as the victim of the robbery, identified the appellant as the man who produced a pistol and removed the money from the cash register after she opened the drawer, upon his demand. She testified that she was scared.

Two attorneys represented the appellant at his trial.

The statement of facts contains numerous informal bills of exception they perfected.

Sentence was pronounced on July 29, 1963, and notice of appeal given in open court was incorporated therein.

On September 4, 1963, the trial court entered order appointing Honorable Maurice Amidei, practicing attorney of the Fort Worth Bar, to represent the appellant and perfect his appeal to this Court.

The order recites that appellant's trial attorney had requested and been granted permission to withdraw from the case at bar and that the defendant was unable to secure counsel.

The statement of facts and bills of exception are properly before us. There is no showing in the record when the two attorneys who represented the appellant at his trial withdrew or why they withdrew, and no showing that the appellant was prejudiced in the matter or denied the right to counsel on appeal.

More than 20 bills of exception are presented by counsel appointed by the court to represent the appellant on appeal, and many informal bills of exception were preserved by appellant's counsel at the trial and are shown in the statement of facts.

Bill No. 15 complains that the state's witness J. T. Lynch " * * * referred to a conversation involving the former record of the defendant and involving whether or not the defendant intended to lead this kind of life or whether or not he intended to go straight."

■ The objection to this testimony was made for the first time when the bill of exception was prepared. The objection comes too late.

Bill No. 16 complains that the holster taken from Cecil Dean Hart was introduced which had attached a card upon which was shown information placed thereon by the police, including information that it was stolen property.

The bill shows that over the objection of the appellant the tag was removed at the request of the attorney for the state and a plain tag substituted.

■ In the absence of any showing that one or more jurors obtained the information or saw the writing on the tag, no error is shown by this bill.

■ Bills of Exception complaining of argument to which there was no objection show no error.

The remaining claims of error have been considered and are overruled.

■ The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

DICE, Commissioner.

Appellant complains that in our opinion on original submission we were in error in overruling, without discussion, his points of error Nos. 5 and 6, which were that the trial court erred in overruling his motion to dismiss the indictment on the ground that he was not taken immediately before a magistrate after his arrest, as required by Art. 217, Vernon's Ann.C.C.P.

■ An examination of the record reflects that no written motion to dismiss the indictment on such ground was made by appellant, as required by Art. 513, V.A.C.C.P. We observe, however, that the failure to take appellant immediately before a magistrate would not vitiate the indictment. Campbell v. State, 172 Tex.Cr.R. 431, 358 S.W.2d 376.

■ By point of error No. 8, which we did not discuss, appellant insists that the trial court's action in ordering the jury re-

tired during his cross-examination of the witness Dean Morris to determine the admissibility of certain testimony constituted a denial of appellant's right to be confronted by the witness against him, as guaranteed by Art. 1, Sec. 10, of the Constitution of this State, Vernon's Ann.St.

Clearly, there is no merit in the contention, as the record shows that the testimony given by the witness was in the presence of appellant.

By points of error Nos. 11, 12, and 13, appellant complains of certain testimony given by the witnesses Carrie Woodward and Officer R. F. Canfield on the ground that it was hearsay.

■■ The record reflects that the testimony of the witness Woodward was not hearsay but a narration of certain events occurring at the time of the robbery, which was admissible as part of the res gestae. With reference to the testimony of the witness Canfield, the record shows that the officer was permitted to testify that he had received a radio report of the robbery and description of a certain automobile, but he did not relate the contents of the report.

The testimony was not subject to the objection of hearsay. Bevins v. State, 110 Tex.Cr.R. 52, 7 S.W.2d 532; Lufkin v. State, 144 Tex.Cr.R. 501, 164 S.W.2d 709.

■ Appellant's remaining point of error, No. 14, is to the court's action in sustaining the state's objection to a certain question propounded by him to the witness Canfield.

The bill of exception does not show what the answer of the witness would have been and therefore presents nothing for review. Mays v. State, 165 Tex.Cr.R. 123, 304 S.W.2d 118.

Remaining convinced that a proper disposition was made of the case on original submission, the motion for rehearing is overruled.

Opinion approved by the court.