**Richard Shirley RAWLINSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45266.**

Court of Criminal Appeals of Texas.

Nov. 8, 1972.

Rehearing Denied Dec. 20, 1972.

Neal B. Wheeler, Douglas H. Parks, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is robbery; the punishment, fifteen (15) years.

Appellant's two grounds of error relate to questions propounded to him at a time when he was recalled as a witness by the State. Specifically, he claims that the court erred "when it admitted Defendant's confession into evidence without a proper predicate being laid" and " . . . when it allowed Defendant called for rebuttal, to be impeached by his confession that was not admissible in evidence."

The record reflects he had testified in his own behalf and admitted that he attempted to rob the bank in question, but denied that he remembered certain details of the operation. When recalled by the State he was questioned for four pages of this record regarding a prior statement he had made. The State had the statement marked for identification as State's Exhibit No. 7. The only objection interposed during this time was the following, "I object to the Prosecutor testifying. If he wishes to ask the question . . .". After the appellant left the stand we find the following:

"Mr. Zadina [the prosecutor]. Your Honor, at this time I would like to

offer into evidence what's been marked as State's Exhibit No. 7—

Mr. White [appellant's counsel]. Object to this. The witness recognizes the signature, but he doesn't recognize any of the rest of the document.

The Court. Is that your objection?

Mr. White. That's my objection.

The Court. Overruled."

However, immediately after the exhibit was admitted, the jury was retired and State's Exhibit No. 7 was withdrawn. The court specifically noted, outside the presence of the jury, that the exhibit was not passed among the jurors or read by them.

■ It is well established that a timely objection is required to preserve a point for review. Jackson v. State, Tex.Cr.App., 477 S.W.2d 879; Larocca v. State, Tex.Cr.App., 479 S.W.2d 669; Bitela v. State, Tex.Cr. App., 463 S.W.2d 738, and cases there cited. In Moore v. State, Tex.Cr.App., 480 S.W.2d 728, we said:

"At the time the appellant's confession was offered into evidence, he did not object on the grounds which he now urges. At the time of trial the appellant's objections to the introduction of the confession into evidence were that a portion of the statement had been deleted so that it was not the whole truth; that he had not been taken before a magistrate and warned and that the confession was involuntary because appellant may have been intoxicated at the time. The appellant, not having objected to the introduction of the confession on the grounds he now urges, waived such objections and no error is preserved."

■ Since the specific ground for the objection set forth in the brief was not presented to the trial court for a ruling, no error is presented to this Court. See

Tezeno v. State, Tex.Cr.App., 484 S.W. 2d 374 (Concurring Opinion), and the authorities cited therein.

The judgment is affirmed.