Donald Ray HILLS, Appellant,

v.

The STATE of Texas, Appellee.

No. 49617.

Court of Criminal Appeals of Texas.

June 25, 1975.

James H. Kreimeyer, Belton, for appellant.

Joe Carroll, Dist. Atty., William P. Gibson, Asst. Dist. Atty., Belton, Jim D. Vol-

lers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for theft from a person, wherein the punishment was assessed by the court at four (4) years following a guilty verdict.

In appellant's sole ground of error he complains the "court erred in allowing the State of Texas to bolster its witness by use of hearsay when the witness had not been impeached. . . ." The witness involved was Odis Rogers.

Mrs. J. C. Hilliard, 80 years old, testified that on November 5, 1973, a man snatched two bank deposit bags[1] away from her while she was in downtown Temple in front of Zale's Jewelry Store. She saw only the back of a bushy headed man as he fled. She was unable to make an identification of the appellant.

Odis Rogers testified he was in Zale's Jewelry Store on the date in question when he saw a man across the street snatch the bags from a lady. He related the man had a "big Afro," lots of hair on his face, long sideburns and a beard. He stated he knew the man by the name of "Superfly." When asked if that man was the appellant, he replied it "looked like him." "kind of favored him really," but the man crossing the street had "a whole lot of hair on his face." While it is not altogether clear from the record, it appears the appellant in the courtroom was clean shaven.

Later, he testified that a week or two after the alleged offense he had picked out a "suspect" from pictures shown him at the police station.

Subsequently, he and Officer W. T. Jackson were interrogated in the absence of the jury concerning the photographic identifica-

---

1. She had already made her deposits and the bags contained only bank books at the time.

tion. At the conclusion of such hearing, appellant objected on the ground that the State was attempting to impeach their own witness and also that it was an attempt to bolster the witness. The objections were overruled. No objection on the basis of hearsay was offered.

When the jury returned, Rogers testified that he made a positive identification of a picture at the police station of the man he saw coming across the street. He did not testify that the picture selected was that of the appellant. Officer Jackson was then called and testified he showed six photographs to the witness Rogers and, over the same objections earlier made, testified that Rogers selected photograph # 3 as the man involved in the theft and he (Jackson) knew such photograph to be that of Donald Ray Hills (the appellant), who was seated in the courtroom with his attorney.

First, it is observed that there was no objection on the basis of hearsay offered at the trial, and second, on examination of Officer Jackson's testimony in the presence of the jury reflects it was mainly concerned with Rogers' physical action in "picking out" or "selecting" photograph # 3. It does not appear that appellant's contention that Rogers' identification testimony was bolstered by hearsay has merit.

The rule discussed in Lyons v. State, 388 S.W.2d 950 (Tex.Cr.App.1965), is that a witness who has identified the accused at the trial may testify he also identified the accused while in police custody or by photographs; other witnesses may not bolster his *unimpeached* testimony by corroborating the fact that he did identify the accused. See Frison v. State, 473 S.W.2d 479 (Tex.Cr. App.1971), and cases there cited.

We do not retreat from this rule or modify it. The particular facts show that the witness Rogers testified the appellant "looked like" the man who committed the offense, but he was unable to make a positive identification. He testified further that he had at the police station selected a picture of the man he saw crossing the street, but he did not testify the picture was that of appellant. In this posture of events Officer Jackson was called to identify the picture selected as that of appellant. Under these particular circumstances, the rule in *Lyons* was not violated.

If, however, the identifying witness Rogers had testified he was shown a photographic spread and that he had selected a picture and that picture was one of the appellant and his testimony was undisputed, then Officer Jackson should not have been permitted to testify. Those, however, were not the facts in the instant case.

For the reasons stated, the judgment is affirmed.

ROBERTS, Judge (concurring).

I concur in the Court's opinion which holds that the evidence of photographic identification was admissible over the objection that it bolstered the testimony of the State's identification witness. However, had the appellant objected to the hearsay nature of the testimony, a different situation might have been presented. See Haughton v. State, 99 Tex.Cr.R. 42, 267 S.W. 715 (1925); and compare State v. Zaragosa, 6 Ariz.App. 80, 430 P.2d 426 (1967).