John Willis WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 49781.

Court of Criminal Appeals of Texas.

Sept. 17, 1975.

On Rehearing Jan. 21, 1976.

Roy L. Merrill, Jr. and Buford A. Cates, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., and James B. Scott, Bill Booth and Winfield Scott, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for robbery with firearms. Punishment was assessed by the jury at forty years.

Edwina Moore, an employee of the O.K. Super Market on Colonial Street in Dallas on February 17, 1970, and George Ray, manager of the store, made an in-court identification of appellant as being one of four men who robbed them at gunpoint of cash and money orders while they were working in the store on said date. The record reflects that trial occurred in January, 1974.

In three of appellant's contentions, it is urged that the court erred in admitting hearsay and bolstering testimony that witnesses Moore and Ray made out-of-court identifications of appellant.

Appellant's contentions are directed to the testimony of Officer Sewell, who testified that Moore and Ray identified and made a "positive identification" of appellant as one of the robbers when he exhibited pictures to them in March, 1970.

Appellant relies on *Lyons v. State,* Tex. Cr.App., 388 S.W.2d 950, where it was held that a witness' unimpeached identification testimony cannot be bolstered by corroborating the fact of identification.

In the first of this series of grounds, appellant points to the following testimony of Officer Sewell:

"Q. And do you recall the names of the three persons she [Miss Moore] identified?

"A. Richard Bell.

"MR. QUINN: Your Honor, we are going to object again, the pictures would be the best evidence. The evidence shows that there are no writings whatsoever on the pictures, and we, therefore object to any testimony unless the pictures are shown in the courtroom.

"THE COURT: Overruled."

The ground of error now urged does not comport with the objection at trial. Nothing is presented for review. *Campbell v. State,* Tex.Cr.App., 492 S.W.2d 956; *Rawlinson v. State,* Tex.Cr.App., 487 S.W.2d 341; *Sloan v. State,* Tex.Cr.App., 515 S.W.2d 913. Another objection is pointed to by appellant where the question was asked, "Who was she able to identify?" and the record reflects that the court sustained the objection and no other relief was requested by appellant. Appellant failing to pursue his objection to an adverse ruling leaves nothing for review. *Gipson v. State,* Tex. Cr.App., 503 S.W.2d 796; *Newman v. State,* Tex.Cr.App., 501 S.W.2d 94.

In the next in this series of appellant's contentions, appellant directs our attention to the following testimony elicited from Officer Sewell on direct examination:

"MR. BOOTH: Was this identification of John Willis Williams [appellant] a positive identification?

"THE WITNESS: Yes, sir, it was.

"MR. QUINN: Your Honor, that calls for complete hearsay as to the defendant.

"THE COURT: Sustained.

"MR. QUINN: The picture would be the best evidence, and we ask that the jury be instructed not to consider the testimony.

"THE COURT: You will not consider the question for any purpose in your deliberations.

"MR. QUINN: And we ask again for a mistrial on the basis of the implications of the questions and the answers.

"THE COURT: Denied."

The foregoing reflects that the court granted appellant all the relief he requested except motion for mistrial, which appellant asked for on the "basis of the implication of the questions and the answers." The request for a mistrial was specified by appellant on a basis not now urged on appeal. Thus, nothing is before us for review. *Sloan v. State,* supra.

In the next of these series of contentions, the testimony of Sewell is again called to our attention, where the record reflects the following:

"Q. (By Mr. Booth) Did you also show a set of pictures—you testified you showed a set of pictures to Mr. Ray, was this the same photographs or—

"A. It was the same group of pictures.

"Q. Was Mr. Ray able to make an identification?

"A. Yes, sir, he was.

"MR. QUINN: Same objection, Your Honor. May I have the same objection to this line of testimony?

"THE COURT: Your objection to the last question is overruled.

"MR. QUINN: Best evidence and it is hearsay as to this defendant.

"Q. (By Mr. Booth) You may answer that question as to whether he identified.

"A. He identified the same three people Miss Moore identified, as being Richard Bell, Ray Jackson and the defendant."

Appellant's "Same objection, Your Honor" placed the trial judge in a difficult position of knowing the basis urged. Appellant had previously made objections and requested relief on the basis of the best evidence rule, hearsay and "on the basis of the implications of the questions and answers." The record reflects that in each instance where appellant objected on the basis of hearsay during this line of questioning, the court had sustained his objection. While we are aware that a heavy burden is placed on counsel in requiring specificity in making objections in a fast-moving trial, we are not unmindful of the dilemma facing a trial judge who must rule upon an objection when he must guess as to the basis upon which it is grounded. We find that "Same objection, Your Honor" was not specific enough to apprise the trial court of the contention raised on appeal of hearsay and bolstering. We note that after the trial court overruled appellant's objection, appellant stated, "Best evidence and it is hearsay as to this defendant." To this objection appellant never received a ruling from the court. An objection must be pressed to the point of procuring a ruling or the objection is waived. *Nichols v. State,* Tex.Cr.App., 504 S.W.2d 462; *Verret v. State,* Tex.Cr.App., 470 S.W.2d 883.

Appellant urges a series of contentions relating to the testimony of Officer Sewell relative to a call Sewell received to go to the Sanger-Harris department store in Dallas. As a result of having responded to such call, it appears that Sewell had a conversation with one James Lewis Holloway and returned to the police station with Holloway, a money order and draft card.

Appellant's first contention in this series is directed to the following testimony of Sewell:

"Q. Upon going back to the police station, were you first of all able to ascertain where this money order had originated?

"A. Yes, sir.

"Q. Where was that?

"A. The money order was taken in a robbery of a super market."

Appellant's objection that the foregoing was hearsay was sustained, and a requested instruction to disregard was given by the court. Appellant's motion for mistrial was denied.

The answer given did not refer to a specific supermarket. Ordinarily, an error in asking an improper question or admitting improper testimony may be cured or rendered harmless by an instruction to disregard same. *Bolden v. State,* Tex.Cr.App.,

504 S.W.2d 418; *Clark v. State,* Tex.Cr. App., 500 S.W.2d 469; *Cazares v. State,* Tex.Cr.App., 488 S.W.2d 110. Harm, if any, was cured by the court's instruction to disregard.

The next contention in this series is directed to the following question asked Sewell by the prosecutor:

> "Q. As a result of your conversation with James Lewis Holloway, and after going into your investigation as to your money order, who did you begin looking for?"

The court promptly sustained the objection to the foregoing question and the jury was instructed to disregard same. Motion for mistrial was overruled. The question was never answered. This Court seldom reverses a conviction solely because an improper question is asked. *Mitchell v. State,* Tex.Cr.App., 455 S.W.2d 266. We do not find the question, standing alone, to be so harmful that the instruction of the court would not cure same.

Appellant's next contention is directed to the testimony by Sewell as follows:

> "Q. As a result of your conversation with James Lewis Holloway and your investigation into the money order, what did you do?"

The record reflects that the court overruled appellant's objection on the basis of hearsay, and Sewell answered: "I took a group of pictures to the store where the complainant, Mr. Ray and a lady were working."

In *Lufkin v. State,* 144 Tex.Cr.R. 501, 164 S.W.2d 709, defendant's complaint that the testimony of the officer to the effect that he and the sheriff were at the depot waiting for defendant "because of information we had received" was rejected, the court noting that the officer did not say what the information was. Extrajudicial statements offered for the truth of the matter asserted were not given, nor were the contents of any conversation or investigation revealed. No error is shown.

Appellant contends testimony of Sewell that he learned that appellant's nickname was "Tip" after he went to the Sanger-Harris store was error and the court's sustaining of his objection and instruction to the jury to disregard same did not remove the harmfulness of the error.

In *Weems v. State,* 148 Tex.Cr.R. 154, 185 S.W.2d 431, the Court rejected a claim that a witness' testimony that he had been told that deceased was known by a certain name was hearsay. The Court held such testimony was an exception to the hearsay rule. See *Ex parte Thompson,* 171 Tex.Cr.R. 509, 351 S.W.2d 890.

Appellant contends that an argument of the prosecutor requires reversal.

The prosecutor made the following argument relative to the investigation of the robbery by Officer Sewell:

> "He determines that the money orders, the American Express money orders that he got from Sanger's came out of the robbery. He assembles a group of photos, and what a coincidence—
>
> "MR. QUINN: Your Honor, I believe that was ruled out as hearsay against the Defendant."

The court sustained appellant's objection and instructed the jury to disregard any statements about money orders, but overruled appellant's motion for a mistrial.

We find that the court's prompt instruction to the jury to disregard rendered the error harmless. *Black v. State,* Tex.Cr. App., 491 S.W.2d 428; *Hodge v. State,* Tex. Cr.App., 488 S.W.2d 779.

Appellant in his last contention reviews grounds heretofore discussed and urges as a result of cumulation of errors he was denied due process of law. We have reviewed this contention and find same to be without merit.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.

ROBERTS, Judge (dissenting).

I dissent to the Court's disposition of appellant's grounds of error relating to Officer Sewell's testimony. The disposition is strained and hypertechnical. I think a reversal is in order.

At the outset, I note that Officer Sewell should never have been allowed to testify in the first place. His entire testimony was hearsay and most of it was designed to bolster the unimpeached identification testimony of the two complaining witnesses. *Lyons v. State,* 388 S.W.2d 950 (Tex.Cr.App. 1965). It is true, however, that appellant never urged the bolstering objection at trial and that many of his hearsay objections were improperly lodged.

But I cannot agree with the majority's disposition of appellant's ground of error # 7. The record shows the following transpired:

"MR. BOOTH [Prosecutor]: Was this identification of John Willis Williams [appellant] a positive identification?

"THE WITNESS: Yes, sir, it was.

"MR. QUINN [Defense Counsel]: Your Honor, that calls for complete hearsay as to the defendant.

"THE COURT: Sustained.

"MR. QUINN: The picture would be the best evidence, and we ask that the jury be instructed not to consider the testimony.

"THE COURT: You will not consider the question for any purpose in your deliberations.

"MR. QUINN: And we ask again for a mistrial on the basis of the implications of the questions and the answers.

"THE COURT: Denied.

"MR. QUINN: As all being hearsay."

The majority says that the objection on appeal that the testimony amounted to "hearsay bolstering" differed from the objection at trial "on the basis of the implications of the questions and answers." Yet a reading of the record clearly suggests to me

that the "implications of the questions and answers," followed as it was by counsel's statement "As all being hearsay" was merely a broadly-worded request for a mistrial because of the hearsay testimony which had already been called to the trial court's attention. It appears in the familiar litany of the sustained objection, the instruction to disregard, and the denial of a mistrial. And there can be no doubt that such hearsay testimony about prior identifications made by other witnesses is inadmissible. *Hills v. State,* Tex.Cr.App., 524 S.W.2d 692 (delivered June 25, 1975) (majority and concurring opinions); *Haughton v. State,* 99 Tex.Cr.R. 42, 267 S.W. 715 (1925); *Jamail v. State,* 99 Tex.Cr.R. 127, 268 S.W. 473 (1925); *Hammond v. State,* 123 Tex.Cr.R. 590, 60 S.W.2d 235 (1933).

The disposition of ground of error # 8 also causes problems for me. Immediately after defense counsel's statement "As all being hearsay," the statement of facts reveals the following to have transpired:

"Q (By Mr. Booth) Did you also show a set of pictures—you testified you showed a set of pictures to Mr. Ray, was this the same photographs or—

"A It was the same group of pictures.

"Q Was Mr. Ray able to make an identification?

"A Yes, sir, he was.

"MR. QUINN: Same objection, Your Honor. May I have the same objection to this line of testimony?

"THE COURT: Your objection to the last question is overruled.

"MR. QUINN: Best evidence and it is hearsay as to this defendant.

"Q (By Mr. Booth) You may answer that question as to whether he identified.

"A He identified the same three people Miss Moore identified, as being Richard Bell, Ray Jackson and the defendant."

The majority states that defense counsel's "Same objection, Your Honor" was too gen-

eral to apprise the trial court of appellant's hearsay objections. Coming as it did just five lines after appellant's hearsay objection, the objection is specific enough for me. Note also that counsel specifically restated his objection immediately following the court's ruling and before the question was asked again. If, as I contend, the objection was sufficient to apprise the court of appellant's hearsay objection, then it surely should have been sustained. *Hills,* supra; *Haughton,* supra; *Jamail,* supra, and *Hammond,* supra.

Besides Officer Sewell's, the only other testimony for the State came from the two complaining witnesses, Moore and Ray. And neither of these two had seen appellant for four years prior to the trial. Moreover, defense counsel was able to develop some slight discrepancies in their accounts of the photographic identifications. It is therefore highly likely that Officer Sewell's hearsay testimony bolstering their in-court identifications was prejudicial to this appellant. I note also that very little of Officer Sewell's other testimony would have been admissible over the proper objections.

For these reasons, I dissent.

ODOM, J., joins in this dissent.

### OPINION

## ON APPELLANT'S MOTION FOR REHEARING

ROBERTS, Judge.

Appellant's motion for rehearing was granted in order to examine more closely some of the objections to the testimony of Officer Sewell. After further considering these grounds, we reverse the conviction and remand the case for a new trial.

At the outset, we note that Officer Sewell's testimony was inadmissible for any purpose. His entire testimony was hearsay and most of it was designed to bolster the unimpeached identification testimony of the two complaining witnesses. *Lyons v. State,* 388 S.W.2d 950 (Tex.Cr.App.

1965). It is true, however, that appellant never urged the bolstering objection at trial and that many of his hearsay objections were improperly lodged.

But we conclude that error was preserved on appellant's ground of error # 7. The record shows the following transpired:

"MR. BOOTH [Prosecutor]: Was this identification of John Willis Williams [appellant] a positive identification?

"THE WITNESS: Yes, sir, it was.

"MR. QUINN [Defense Counsel]: Your Honor, that calls for complete hearsay as to the defendant.

"THE COURT: Sustained.

"MR. QUINN: The picture would be the best evidence, and we ask that the jury be instructed not to consider the testimony.

"THE COURT: You will not consider the question for any purpose in your deliberations.

"MR. QUINN: And we ask again for a mistrial on the basis of the implications of the questions and the answers.

"THE COURT: Denied.

"MR. QUINN: As all being hearsay."

On original submission, this Court said that the objection on appeal that the testimony amounted to "hearsay bolstering" differed from the objection at trial "on the basis of the implications of the questions and answers." Yet a closer reading of the record suggests that the "implications of the questions and answers," followed as it was by counsel's statement "As all being hearsay" was merely a broadly-worded request for a mistrial because of the hearsay testimony which had already been called to the trial court's attention. It appears in the familiar litany of the sustained objection, the instruction to disregard, and the denial of a mistrial. And there can be no doubt that such hearsay testimony about prior identifications made by other unimpeached witnesses is inadmissible. *Hills v. State,* 524 S.W.2d 692 (Tex.Cr.App.1975) (majority and

concurring opinions); *Haughton v. State,* 99 Tex.Cr.R. 42, 267 S.W. 715 (1925); *Jamail v. State,* 99 Tex.Cr.R. 127, 268 S.W. 473 (1925); *Hammond v. State,* 123 Tex.Cr.R. 590, 60 S.W.2d 235 (1933).

◼ The disposition of ground of error # 8 has also been reconsidered by us. Immediately after defense counsel's statement "As all being hearsay," the statement of facts reveals the following to have transpired:

"Q (By Mr. Booth) Did you also show a set of pictures—you testified you showed a set of pictures to Mr. Ray, was this the same photographs or—

"A It was the same group of pictures.

"Q Was Mr. Ray able to make an identification?

"A Yes, sir, he was.

"MR. QUINN: Same objection, Your Honor. May I have the same objection to this line of testimony?

"THE COURT: Your objection to the last question is overruled.

"MR. QUINN: Best evidence and it is hearsay as to this defendant.

"Q (By Mr. Booth) You may answer that question as to whether he identified.

"A He identified the same three people Miss Moore identified, as being Richard Bell, Ray Jackson and the defendant."

On original submission, this Court said that defense counsel's "Same objection, Your Honor" was too general to apprise the trial court of appellant's hearsay objections. Upon reexamining these remarks in context, we conclude the objection was specific enough, especially coming as it did just five lines after appellant's hearsay objection. We note also that counsel specifically restated his objection immediately following the court's ruling and before the question was asked again. Since the objection was sufficient to apprise the court of appellant's hearsay objection, then it surely should have been sustained. *Hills,* supra; *Haugh-*

*ton,* supra; *Jamail,* supra, and *Hammond,* supra.

◼ Besides Officer Sewell's, the only other testimony for the State came from the two complaining witnesses, Moore and Ray. And neither of these two had seen appellant for four years prior to the trial. Moreover, defense counsel was able to develop some slight discrepancies in their accounts of the photographic identifications. It is therefore highly likely that Officer Sewell's hearsay testimony bolstering their in-court identifications was prejudicial to this appellant. We note also that very little of Officer Sewell's other testimony would have been admissible over the proper objections.

For these reasons, appellant's motion for rehearing is granted. The judgment is reversed and the cause remanded.

MORRISON, Judge (dissenting).

The majority now reverses this conviction because Officer Sewell was allowed to bolster the in-court identification of witnesses Moore and Ray with testimony of a previous identification from a photographic display. Although I agree that this testimony was erroneously admitted, I remain convinced that our original disposition was correct.

Officer Sewell stated four times without objection that Moore and Ray had been able to make an identification, of three men from nine photographs. Counsel objected only to testimony developing the circumstances and details of the identification. The objection was on the basis of the pictures as being the best evidence, and counsel stated, "We object to any testimony unless the pictures are shown in the courtroom". Clearly this objection is not the same as the bolstering objection urged on appeal and nothing is presented for review. *Campbell v. State,* Tex.Cr.App., 521 S.W.2d 636; *Arivette v. State,* Tex.Cr.App., 513 S.W.2d 857. Furthermore, failure to object at any time to testimony that a prior identi-

fication was made by Moore and Ray waived any error.

I respectfully dissent to the reversal.

DOUGLAS, J., joins in this dissent.