Curtis William WATTS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00352 CR.

Court of Appeals of Texas,
Dallas.

July 27, 1982.
Rehearing Denied Aug. 24, 1982.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., Jeffrey B. Keck, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, SPARLING and FISH, JJ.

FISH, Justice.

Curtis William Watts was convicted by a jury of aggravated rape. The court assessed his punishment, enhanced by one prior felony conviction, at confinement from fifteen years to life. On this appeal, Watts challenges the sufficiency of the evidence, the State's identification testimony, the State's jury argument, and the court's finding that the enhancement paragraph in the indictment was true. Finding no merit in any of these grounds, we affirm.

## SUFFICIENCY OF THE EVIDENCE

Appellant makes three complaints concerning sufficiency of the evidence. First, he argues that the evidence did not show his guilt of *aggravated* rape, i.e., that he compelled complainant to have sexual intercourse by threatening her with *serious bodily injury,* as alleged in the indictment. Second, he urges that the evidence did not prove he had sexual intercourse with complainant. Finally, he maintains that the testimony of the twelve-year-old complainant is so incredible or plainly wrong that the verdict based upon it cannot stand.

In considering these complaints, we must review the evidence on appeal in the light most favorable to the jury's verdict. *Penagraph v. State,* 623 S.W.2d 341, 343 (Tex.Cr.App.1981); *Garza v. State,* 622 S.W.2d 85, 90 (Tex.Cr.App.1981) (*en banc*) (on State's motion for rehearing). The verdict will not be disturbed if there is evidence to support it. *Bowden v. State,* 628 S.W.2d 782, 784 (Tex.Cr.App.1982) (*en banc*) (on appellant's motion for rehearing). *See Griffin v. State,* 614 S.W.2d 155, 159 (Tex.Cr.App.1981).

The testimony most favorable to the verdict reveals that a threat of serious bodily

injury induced complainant to have intercourse with appellant. The complainant testified that if appellant had not displayed a gun, she would not have had intercourse with him.

■ A threat of bodily injury can be communicated by actions as well as words. *Rucker v. State,* 599 S.W.2d 581, 586 (Tex. Cr.App.1979) (*en banc*) (on State's motion for rehearing). Appellant's display of a gun was therefore sufficient to establish that complainant's intercourse with appellant was coerced by the threat of serious bodily injury. *Orosco v. State,* 590 S.W.2d 121, 124 (Tex.Cr.App.1979); *Rogers v. State,* 575 S.W.2d 555, 559 (Tex.Cr.App. 1979); *Miller v. State,* 629 S.W.2d 843, 843–844 (Tex.App.—Houston [14th Dist.] 1982).

■ We turn next to appellant's contention that the evidence did not prove he had intercourse with complainant. In his brief, appellant acknowledges complainant's testimony that "he did go inside of her with his penis." Since the complainant's testimony is sufficient to show an act of intercourse, *see Garcia v. State,* 563 S.W.2d 925, 928 (Tex.Cr.App.1978) and cases cited therein, we conclude that appellant's complaint on this ground is without merit.

■ In appellant's third challenge to the sufficiency of the evidence, he asserts that numerous weaknesses, omissions, and inconsistencies in the evidence, particularly in the testimony of the twelve-year-old complainant, impair its cogency. According to appellant, such a large part of the evidence, including testimony of the complainant, contradicts the verdict that to disregard the opposing evidence would offend the conscience and deny him due process of law. We do not agree. Having reviewed the record by the standard of *Griffin v. State, supra,* we find it sufficient to support appellant's conviction.

### STATE'S IDENTIFICATION TESTIMONY: IMPROPER BOLSTERING?

After appellant offered evidence of an alibi, the State in rebuttal called a police witness who testified that the complainant had identified appellant in a photographic line-up. Appellant contends that the trial court erred in receiving this testimony, over his objection, because it constituted improper bolstering of the complainant.

■ Appellant's contention is not persuasive for two reasons. First, improper bolstering is not involved when a police witness testifies that the complainant identified the accused before trial, unless the complaining witness has already given such testimony. *Compare Reynolds v. State,* 401 S.W.2d 249, 250 (1966), *Balli v. State,* 170 Tex.Cr.R. 390, 341 S.W.2d 443, 444 (1960), and *Lucas v. State,* 160 Tex.Cr.R. 443, 271 S.W.2d 821, 823–824 (1954) *with Lyons v. State,* 388 S.W.2d 950, 950–951 (Tex.Cr.App. 1965). In the present case, the complainant never testified that she had identified appellant's photograph before trial. Consequently, the officer's testimony that she did so did not constitute improper bolstering.

■ Second, police testimony regarding pre-trial identification is not improper bolstering if the complainant's identification of the accused has been challenged on cross-examination. The cases are not altogether clear whether such police testimony, once impeachment of the complainant's identification has been attempted, no longer constitutes bolstering,[1] or whether bolstering simply becomes proper at that time. *See Smith v. State,* 595 S.W.2d 120, 125 (Tex. Cr.App.1980) ("the State may bolster an identification witness' testimony when that identification is challenged by cross-examination"); *Johnson v. State,* 583 S.W.2d 399, 403–404 (Tex.Cr.App.1979); *Adams v. State,* 514 S.W.2d 262, 264 (Tex.Cr.App. 1974) (bolstering of prosecutrix by officer's testimony justified by appellant's impeachment of prosecutrix's positive identification). *Cf. Williams v. State,* 607 S.W.2d 577, 580 (Tex.Cr.App.1980) (bolstering invited). In either event, the cases are legion

---

1. " 'Bolstering' occurs when one item of evidence is improperly used by a party to add credence or weight to some earlier unimpeached piece of evidence offered by the same party" [emphasis added]. *Pless v. State,* 576 S.W.2d 83, 84 (Tex.Cr.App.1978).

holding that police testimony to corroborate the complainant's identification of the accused is proper once that identification has been challenged on cross-examination. *See,* in addition to *Smith, Johnson,* and *Adams* cited above, *Roney v. State,* 632 S.W.2d 598, 601 (Tex.Cr.App.1982) (*en banc*); *Proctor v. State,* 503 S.W.2d 566, 568 (Tex.Cr.App. 1974); *Turner v. State,* 486 S.W.2d 797, 800‑801 (Tex.Cr.App.1972); *Frison v. State,* 473 S.W.2d 479, 481–482 (Tex.Cr.App.1971).

█ Here, the appellant offered evidence of an alibi. In addition, counsel for appellant attempted to demonstrate that the assailant described in the complainant's testimony could not have been the appellant, because her description of the truck she was abducted in, the house she was taken to, and the cowboy boots worn by her attacker did not match the physical characteristics of any such property owned by appellant. Under these circumstances, the police officer's testimony did not improperly bolster the complainant.

## JURY ARGUMENT

Appellant also asserts reversible error was committed when the State argued: "It's a reasonable deduction he's probably done it before" and "Do you think that that man is a stranger to that crime, from the evidence that you heard? Did you hear what she said?"

█ In each instance, the trial court sustained appellant's objection to the argument and instructed the jury to disregard it. On the first occasion, however, appellant did not request a mistrial; on the second, he did not pursue his request for a mistrial to an adverse ruling. Therefore, nothing is preserved for review. *Payne v. State,* 596 S.W.2d 911, 916 (Tex.Cr.App. 1980) (*en banc*) (on State's Motion for Rehearing); *Nastu v. State,* 589 S.W.2d 434, 441 (Tex.Cr.App.1979).

## ENHANCEMENT FINDING

Finally, appellant contends that the trial court erred in finding the enhancement allegation of the indictment to be true be-cause of a variance between the indictment and the penitentiary packet as to the date of the prior conviction. The indictment alleged, in pertinent part, "that prior to the commission of the aforesaid offense by the said *Curtis William Watts* to-wit: on the *1st* day of *December,* A.D. *1966* in the *Criminal District Court No. 2* of *Dallas* County, Texas, in Cause Number *E–7926-KI* on the docket of said Court, the said *Curtis William Watts* under the name of *Curtis William Watts,* was duly and legally convicted in said last named Court of a felony, to-wit: *Rape. . . ."* The penitentiary packet contains a judgment, sentence, a mandate of affirmance from the Court of Criminal Appeals and resentence in cause number E–7926–KI. The judgment reflects that on May 6, 1965 a jury found appellant guilty of rape. On June 21, 1965, appellant was sentenced to not less than 5 years nor more than life imprisonment, from which he appealed. The Court of Criminal Appeals issued a mandate affirming appellant's conviction on November 9, 1966. The trial court resentenced appellant on December 1, 1966 for the purpose of allowing him credit for the time served in jail pending his appeal. The document entitled "Resentence" recites that appellant was present at the time of resentencing.

█ At the hearing on punishment, appellant testified and admitted the prior conviction. Specifically, he admitted that he was the same person previously convicted for the offense of rape after a jury trial and sentenced to life in cause number E–7926–KI in Judge Henry King's Criminal District Court No. 2. In light of this admission, as well as the documentary evidence in the penitentiary packet, the record supports the court's finding that the enhancement allegation is true.

Affirmed.

AKIN, Justice, dissenting.

I cannot agree that the testimony of the police officer that the complainant had identified defendant in a pre-trial photographic lineup was admissible because the complainant never testified that she had

identified defendant's photograph before trial. Neither can I agree that the officer's testimony was admissible because complainant's testimony had been challenged. Instead, I would hold that because complainant's identification testimony was unimpeached, the officer's testimony was improper bolstering, requiring reversal. Consequently, I must dissent.

The majority first reasons that the officer's testimony that the identifying witness identified the defendant before trial is not bolstering when the identifying witness has not already given such testimony. If the majority actually adheres to this analysis, then defendant's conviction should be reversed. Bolstering occurs whenever the State calls a witness to testify that the identifying witness identified the defendant at a prior time outside of trial. Thus, by its very nature, bolstering is hearsay and is admitted as a limited exception to the hearsay rule. In fact, even when an identifying witness testifies to a prior identification, that testimony is hearsay and admitted at trial on the rationale that the witness is present and subject to cross-examination and because of the common sense recognition that in-court identifications have little testimonial force in view of the fact that the witness is likely to always identify the person at the defense table. *See Williams v. State,* 565 S.W.2d 937, 938 (Tex.Cr.App. 1978); 4 Wigmore on Evidence § 1130 (Chadbourn Rev. 1970). Testimony by other persons as to prior identifications, however, does not permit cross-examination of the person who made the statement and allows the State to strengthen its case through duplicative hearsay testimony. Bolstering is thus permissible only as a limited exception to the hearsay rule.

In a similar case, *Williams v. State,* 531 S.W.2d 606 (Tex.Cr.App.1976), the identifying witnesses made only in-court identifications of the accused and the trial court allowed a police officer to testify that the witnesses made out-of-court identifications of the accused. The Court of Criminal Appeals reversed defendant's conviction on the ground that such *hearsay* testimony about prior identifications made by unimpeached

witnesses is inadmissible. 531 S.W.2d at 611. *See Hills v. State,* 524 S.W.2d 692 (Tex.Cr.App.1975); *Hammond v. State,* 123 Tex.Cr. 590, 60 S.W.2d 235 (1933); *Jamail v. State,* 99 Tex.Cr. 127, 268 S.W. 473 (1925); *Haughton v. State,* 99 Tex.Cr. 42, 267 S.W. 715 (1925). Thus, if the officer's testimony in this case is not bolstering as the majority contends, then the testimony, like that in *Williams,* is nothing more than prejudicial hearsay which should not have been admitted.

Neither can I agree that the officer's testimony was admissible because complainant's testimony was "challenged on cross-examination." Although I agree with the statement in the majority opinion that the State may bolster a witness once the witness' *identification* has been challenged on cross-examination, I cannot agree that in this case defendant impeached or attempted to impeach the complainant's identification of defendant.

At trial, the State relied primarily on the testimony of the complainant, a twelve year-old girl. On direct examination, the complainant identified defendant as the man who had raped her and testified in detail with respect to the events of the rape, subsequent telephone calls, and meetings with defendant. On cross-examination, complainant again recounted the events of the rape and testified about the subsequent telephone calls and meetings. The complainant testified that the truck driven by her assailant was reddish and had a radio hanging from the rearview mirror, that her assailant was wearing black cowboy boots, that defendant had telephoned her on several occasions, that he had taken her to his home on one occasion following the rape, and that his house was red and white.

To refute this testimony, defendant produced evidence that his truck was orange and had a large set of keys hanging from the rearview mirror, he did not own a pair of black cowboy boots, he was with his wife at the time the telephone calls were made and he could not have made them, and his house was orange and white.

The Court of Criminal Appeals has consistently held that the State may bolster a witness when the defendant has impeached or attempted to impeach the identifying witness' identification of the defendant. *See Roney v. State,* 632 S.W.2d 598 (Tex.Cr. App.1982) (en banc); *Franklin v. State,* 606 S.W.2d 818 (Tex.Cr.App.1979); *Turner v. State,* 486 S.W.2d 797 (Tex.Cr.App.1972); *Frison v. State,* 473 S.W.2d 479 (Tex.Cr. App.1971). In *Roney, Franklin, Turner* and *Frison,* the defendant offered testimony to show that his *physical characteristics* were different from that which the identifying witness had testified. These cases stand for the limited proposition that bolstering is permissible when the witness' *identification* has been put into question, but they do not reach the question of whether the State may bolster when the witness has been impeached on other matters.

The cases are clear that bolstering is not permissible when the identifying witness' testimony is attacked on collateral matters. Bolstering is not permitted unless the witness has been impeached by statements contradictory to those already given by him in evidence *on the primary question. Newton v. State,* 147 Tex.Cr. 400, 180 S.W.2d 946, 949 (1944). Thus, the State may not bolster a witness simply because he is contradicted on other matters, *Hulin v. State,* 438 S.W.2d 551, 552 (Tex.Cr.App.1969); nor because the witness' unimpeached testimony may be disbelieved, *Brown v. State,* 403 S.W.2d 411, 412 (Tex.Cr.App.1966); nor because the defendant testifies to an alibi, *Lyons v. State,* 388 S.W.2d 950, 950 (Tex.Cr.App.1965); nor because defendant denies committing the criminal act, *Ward v. State,* 117 Tex.Cr. 330, 35 S.W.2d 733, 735 (1931); nor because defendant attempted impeachment by a vigorous cross-examination and the witness' testimony is unwavering, *Acker v. State,* 421 S.W.2d 398, 401 (Tex.Cr.App.1967).

In a similar case, *Lyons v. State,* 388 S.W.2d 950 (Tex.Cr.App.1965), an eleven year-old complainant identified the appellant as the man who had exposed his genitals to her and stated that she had identified the appellant at a police lineup. Appellant testified that he was not the man

and offered an alibi defense which was corroborated by other testimony in support of his defense. The State then offered the testimony of two police officers who stated that the complainant had picked out the appellant in physical and photographic lineups. Recognizing that the complainant was fully cross-examined but not impeached, the Court of Criminal Appeals reversed, holding that although a witness who has identified her assailant at trial may testify that she also identified her assailant at a prior time, the State may not offer testimony to bolster her unimpeached testimony to corroborate the fact that she did identify him. 388 S.W.2d at 951.

This case is strikingly similar to *Lyons.* As in *Lyons,* defendant offered an alibi defense, denied the commission of the criminal act and was corroborated by other evidence. Defendant did not impeach on cross-examination or by other evidence, complainant's identification of defendant. Defendant did vigorously cross-examine complainant concerning her *identification* and her testimony was unwavering as to her *identification.* None of the evidence offered by defendant impeached complainant's *identification,* but instead, was introduced to establish defendant's alibi defense and to deny defendant's participation in any criminal act. In a sense, all evidence introduced by defendant is an attempt to impeach the State's evidence; however, the State may not bolster the testimony of a witness because that witness has been impeached or vigorously attacked on other matters. The State should be allowed to bolster an identifying witness only after the defendant has directly impeached or attempted to impeach the witness' identification of defendant. Because defendant did not attack complainant's identification of him, I would hold that the officer's testimony was not admissible and that defendant was substantially prejudiced by the testimony. Consequently, defendant's conviction should be reversed.